**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Honorable William J. Martínez**

Civil Action No. 13-cv-03102-WJM

IRA MINER,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON PENDING MOTIONS

Applicant, Ira Miner, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 13) challenging the validity of his convictions and sentence in Jefferson County, Colorado, district court case number 06CR454. On November 3, 2014, the Court entered an Order Dismissing Application in Part and Directing Answer (ECF No. 36). Respondents' answer (ECF No. 41) to Applicant's remaining claims was filed on December 22, 2014. On December 29, 2014, Applicant filed several motions, which the Court will address below.

The "Motion for 60-Day Continuance" (ECF No. 42) seeking an extension of time in which to file a traverse will be granted for thirty days only. The Court notes that the Order Dismissing Application in Part and Directing Answer (ECF No. 36) directed Mr. Miner to file a traverse, and only a traverse, within thirty days of the filing of the answer.

*See* ECF No. 36 at 38.  Applicant will be permitted to file a traverse, and only a traverse, within thirty days from the filing of this order.

The "Motion to [sic] Appoinment [sic] of Conflict Free Counsel in Pursuant to Criminal Justice Act (CJA) 18 U.S.C. § 3006A(a)(2)(b)" (ECF No. 43) will be denied because Mr. Miner has failed to demonstrate he is financially eligible for, or that the interests of justice require, the appointment of counsel.  *See* § 3006A(a)(2)(B).

Applicant also has filed a "Motion for Discovery and Transcripts in Accordance With Rule 6 of the Rules Governing Section 2254 and 2255 Cases upon a showing a 'good cause,' and in Pursuant to 28 U.S.C. § 2250" (ECF No. 44).  Rule 5 of the Rules Governing Section 2254 Cases in the United States Courts (Section 2254 Rules) contemplates that any portion of the state court record necessary to the determination of the action be filed with the Court, not provided to Applicant.  That record already has been filed with the Court.  Applicant has not shown good cause for his requests for discovery under Rule 6 of the Section 2254 Rules or free transcripts.

In support of his motion for discovery and transcripts, Applicant relies on 28 U.S.C. § 2250, which provides that "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending" (emphasis added).

Mr. Miner is not proceeding *in forma pauperis* in this case.  He paid the $5.00

filing fee on November 14, 2013.  *See* ECF No. 1.  Therefore, § 2250 is inapplicable. Moreover, the United States Court of Appeals for the Tenth Circuit has implicitly limited the scope of the statute by requiring that the petitioner first make a specific showing of need.  *See Hines v. Baker*, 422 F.2d 1002, 1006 at n.9 (10th Cir. 1970) (collecting cases); *see also Humphreys v. United States Parole Comm'n*, 977 F.2d 595, 1991 WL 423974, at *6 (10th Cir. Oct. 13, 1991) (unpublished decision) (affirming the district court's denial of 28 U.S.C. § 2241 petitioner's motion seeking copies of records because the motion failed to include "a showing of need for copies of the documents"). Further, an indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *Hines*, 422 F.2d at 1006-07, which distinguished *Wade v. Wilson*, 396 U.S. 282 (1970), in which Supreme Court expressly declined to define the parameters of a § 2254 petitioner's right to a free transcript).

The Court finds that Applicant's motion for a free copy of the state court record is unduly broad.  Applicant fails to demonstrate that specific portions of the record are necessary to establish that he is entitled to federal habeas relief under the high hurdles imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. at § 2254(d) and (e).

Accordingly, it is

ORDERED that the "Motion for 60-Day Continuance" (ECF No. 42) filed by Applicant, Ira Miner, seeking an extension of time in which to file a traverse is GRANTED for thirty (30) days only.  Applicant is permitted to file a traverse, and only a

traverse, within thirty (30) days from the filing of this order.  It is

FURTHER ORDERED that the "Motion to [sic] Appoinment [sic] of Conflict Free Counsel in Pursuant to Criminal Justice Act (CJA) 18 U.S.C. § 3006A(a)(2)(b)" (ECF No. 43) is DENIED.  It is

FURTHER ORDERED that the "Motion for Discovery and Transcripts in Accordance With Rule 6 of the Rules Governing Section 2254 and 2255 Cases upon a showing a 'good cause,' and in Pursuant to 28 U.S.C. § 2250" (ECF No. 44) is DENIED.

Dated this 31st day of December, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge